**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NISSAN NORTH AMERICA, INC., *et al.*,<br><br>    Defendants. | Case No. 5:24-cv-00946-FLA (SHKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 6]** |

1

# RULING

Before the court is Plaintiff Luis Ramirez's ("Plaintiff") Motion to Remand ("Motion"). Dkt. 6 ("Mot."). Defendant Nissan North America, Inc. ("Defendant" or "Nissan") opposes the Motion. Dkt. 11 ("Opp'n"). On May 4, 2023, Plaintiff initiated the action in the Riverside County Superior Court, alleging causes of action for fraud and violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, *et seq.*). Dkt. 1-2 ("Compl."). On May 3, 2024, Defendant removed the action to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1 ("NOR") ¶ 11. Plaintiff now moves to remand the action to the Riverside County Superior Court, arguing Nissan failed to remove the action timely. *See generally* Mot.

Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." 28 U.S.C. § 1446(b) governs the procedure for removal of civil actions and provides two 30-day windows during which a case may be removed. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). Where the basis for removal is clear from the complaint or other initial pleading, a defendant must remove the action within 30 days of receipt of the pleading. *Id.* However, where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt of the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* (citing 28 U.S.C. § 1446(b)(3)). Under the second avenue, the thirty-day deadline commences when removability is made "unequivocally clear and certain" by another paper served by plaintiff. *Id.* at 1091.

Here, the Complaint does not make clear on its face whether the amount in controversy satisfied the jurisdictional threshold. The parties' sole dispute centers on when the issue of removability became clear to Nissan, thus triggering its thirty-day deadline to remove the action under the second avenue for removal.

2

On May 9, 2023, Plaintiff served a copy of the Complaint and Summons (Dkts. 6-2, 6-3), and Nissan filed an answer to the Complaint in state court on August 8, 2023 (Dkt. 6-4).  On October 23, 2023, Plaintiff served a Case Management Conference Statement ("CMCS"), which provided, in relevant part:

> Plaintiff seeks recission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of Plaintiff's actual damages, diminution in value, prejudgment interest, reasonable attorney's fees and costs of suit, general, special, and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.00.

Dkt. 6-6 at 8; Dkt. 6-1 ("Enav Decl.") ¶ 9.

Plaintiff argues the statement of damages contained in the CMCS made the removability of the action clear and triggered a removal deadline of November 22, 2023 (thirty days from October 23, 2023).  Mot. at 5.  Nissan argues the "boilerplate" language in the CMCS is not a reasonable estimate of Plaintiff's damages and does not make removability "unequivocally clear and certain." Opp'n at 14.  The court agrees with Plaintiff.

Nissan's counterarguments regarding Plaintiff's alleged failure to provide a "credible 'other paper' from which removability was 'unequivocally clear and certain'" are unpersuasive as Plaintiff has provided evidence of Nissan relying on virtually identical language from other case management conference statements to remove similar, but unrelated, actions to district courts, and argue the amount in controversy requirement has been satisfied.  Dkt. 12-2 ("RJN"), Exs. A–G ¶¶ 10–12.[1]

---

[1] Plaintiff submits these documents in connection with a Request for Judicial Notice. Dkt. 12-2.  The court is authorized to take judicial notice of "court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n. 6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).  As all documents are court filings—

Accordingly, the court finds Nissan was, or should have been aware, of the removability of this action upon receipt of the CMCS and GRANTS Plaintiff's Motion to Remand. The action is REMANDED to the Riverside County Superior Court, Case Number CVRI2302343. The Clerk of the Court shall administratively close the action.

IT IS SO ORDERED.

Dated: July 1, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

namely, Notices of Removal filed by Nissan in other cases—the request is GRANTED.